UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT CLAYTON BELTON,<br><br>   Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>   Defendants. | Case No. 24-cv-00380-JD<br><br>**ORDER RE SERVICE AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 8 |

  Plaintiff, a pretrial detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion for a preliminary injunction. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

  Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that jail officials are not properly treating his medical problems and they delayed sending his legal mail. Plaintiff seeks money damages and injunctive relief. A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125. With regard to the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular care." *Id*. (citations and internal quotation marks omitted). The mere lack of due care by a state official is not enough. *See Alexander v. Nguyen*, 78 F.4th 1140, 1144-46 (9th Cir. 2023)

2

1  (psychiatrist's failure to move pretrial detainee to different unit following attack from fellow
2  patient did not violate 14th Amendment because psychiatrist acted reasonably by considering
3  relevant factors, evaluating risk of future violence against detainee, effect of transfer on detainee's
4  treatment, and implementing measures to reduce incidents of future incidents, and treatment
5  exceeded accepted professional standards). The four-part test articulated in *Gordon* requires the
6  plaintiff to prove more than negligence, but less than subjective intent –something akin to reckless
7  disregard. *Gordon*, 888 F.3d at 1125.

8  The deliberate delay of legal mail which adversely affects legal proceedings presents a
9  cognizable claim for denial of access to the courts. *See Jackson v. Procunier*, 789 F.2d 307, 311
10 (5th Cir. 1986). Isolated incidents of mail interference without any evidence of improper motive
11 or resulting interference with the right to counsel or access to the courts do not give rise to a
12 constitutional violation, however. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990).

13 Plaintiff suffers from high blood pressure, diabetes, severe lower back pain and bilateral
14 sciatic nerve damage. Prior to being detained, plaintiff had been taking multiple medications,
15 including Gabapentin for the back pain and nerve damage. When plaintiff was originally placed
16 into custody, he did not receive his medication for thirteen days and he informed the judge in his
17 criminal case. That judge ordered plaintiff to be seen by a health care provider. Plaintiff was seen
18 the next day, but the medical provider did not provide Gabapentin, instead prescribing Duloxetine
19 for plaintiff's nerve damage. The new medication is not working, and plaintiff continues to be in
20 pain, but medical staff will not provide Gabapentin. In addition, plaintiff seeks x-rays, an MRI or
21 other imaging to determine the extent of his injuries and appropriate medical appliances to move
22 around.

23 Plaintiff also states that he submitted this complaint to Deputy Lopez to be sent to the
24 Court; however, it was returned to plaintiff more than one month later by Deputy Ujdur, with a
25 note stating that more postage was required. Plaintiff argues that this delayed the commencement
26 of this case.

These allegations are sufficient to proceed against defendants Sheriff Sanchez, Deputy Lopez, Deputy Ujdur and Well Path Health Care. Plaintiff may seek to amend the complaint to identify specific health care providers, such as his primary care physician, who were involved in denying him proper medical care.

Plaintiff has also requested the appointment of counsel. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately, and the issues are not complex, therefore the request is denied without prejudice.

Plaintiff also filed a motion for a preliminary injunction to obtain diagnostic imaging and proper medical treatment. Defendants will be ordered to respond to the motion.

## CONCLUSION

1. Defendants shall file a response to the motion for a preliminary injunction (Dkt. No. 10) by May 10, 2024. The Clerk is requested to electronically serve this order on srjitrrecordsdeputies@acgov.org. The motion to appoint counsel (Dkt. No. 8) is denied without prejudice.

2. The Clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the complaint (Dkt. No. 7) with attachments and copies of this order on Alameda County Sheriff Sanchez, Deputy Lopez #2614 and Housing Deputy Ujdur at Santa Rita County Jail and Well Path Health Care. The United States Marshal shall also serve this order and Dkt. No. 7 on the Alameda County Board of Supervisors, 1221 Oak St # 536, Oakland, CA 94612.

3. To expedite the resolution of this case, the Court orders:

   a. No later than fifty-six days from the date of service, defendant will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and will conform in all respects to Federal Rule of Civil

4

1   Procedure 56, and will include as exhibits all records and incident reports stemming from the
2   events at issue.  If defendant is of the opinion that this case cannot be resolved by summary
3   judgment, he will so inform the Court prior to the date his summary judgment motion is due.  All
4   papers filed with the Court will be promptly served on the plaintiff.

5   b. At the time the dispositive motion is served, defendant will also serve, on a
6   separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-
7   954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
8   *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be
9   given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,
10  not earlier); *Rand* at 960 (separate paper requirement).

11  c. Plaintiff's opposition to the dispositive motion, if any, will be filed with the
12  Court and served upon defendant no later than thirty days from the date the motion was served
13  upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
14  provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
15  and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

16  If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust
17  his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take
18  note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided
19  to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

20  d. If defendant wishes to file a reply brief, they will do so no later than fifteen
21  days after the opposition is served upon him.

22  e. The motion will be deemed submitted as of the date the reply brief is due.
23  No hearing will be held on the motion unless the Court so orders at a later date.

24  4. All communications by plaintiff with the Court must be served on defendant, or
25  defendant's counsel once counsel has been designated, by mailing a true copy of the document to
26  defendant or defendant's counsel.

27  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
28  No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

parties may conduct discovery.

      6.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 11, 2024

_____
JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.