UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DWIGHT CLAYTON BELTON,

         Plaintiff,

    v.

ALAMEDA COUNTY SHERIFF'S
DEPARTMENT, et al.,

         Defendants.

Case No. 24-cv-00380-JD

**ORDER LIFTING STAY AND
REOPENING CASE**

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging a denial of medical care and interference with his legal mail at Santa Rita Jail. The Court ordered service on two deputies involved with the interference of legal mail and Alameda County Sheriff Sanchez regarding the denial of medical care ("County Defendants"). The Court also ordered service on Dr. Magat and WellPath Healthcare Providers, who contracted to provide medical care at the jail ("Medical Defendants").

On January 2, 2025, this case was stayed after the Medical Defendants filed a Suggestion of Bankruptcy and Notice of Stay advising that Wellpath Holdings, Inc. filed a petition for chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas on November 11, 2024. Dkt. No. 78; *In re Wellpath Holdings, Inc.*, et. a., Case No. 24-90533 (Bankr. S.D. Texas). The Bankruptcy Court issued a stay order pursuant to Section 362 of the Bankruptcy Code to cases against WellPath and extended the stay to physicians employed by WellPath. *See* Dkt. Nos. 17, 91, *In re Wellpath Holdings, Inc., et. al.*, Case No. 24-90533. The Bankruptcy Court also issued a temporary stay for non-debtor defendants. *Id.*, Dkt. No. 69.

The Medical Defendants filed a status report and indicated that the WellPath entities have emerged from their chapter 11 cases and are no longer debtors under the Bankruptcy Code. Dkt.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    No. 103 at 2.  Consequently, the stay is lifted and the case is reopened.

2         Prior to the stay, plaintiff, the County Defendants, and the Medical Defendants filed

3    separate motions for summary judgment.  The motions were vacated without prejudice due to the

4    stay.  Within twenty-eight days the parties may refile these motions or file new motions.  Plaintiff

5    stated that he never received the Medical Defendants' motion for summary judgment.  Plaintiff

6    will have the opportunity to file an opposition after the motion is refiled.

7         Plaintiff may also file an amended motion to compel directed at the County Defendants.

8    Dkt. No. 83.  Within twenty-eight days, the County Defendants shall file a response to the motion

9    to compel.

10        Plaintiff was also provided subpoenas to obtain pharmacy records from CVS and his

11   medical records from his doctor before his detention.  The subpoena for the pharmacy records was

12   served on an employee at a local CVS pharmacy, but it does not appear that plaintiff received the

13   records.  The incorrect subpoena was served on the doctor's office.  Dkt. No. 104.

14        These subpoenas were issued prior to the Medical Defendants filing their motion for

15   summary judgment which contained some of plaintiff's pharmacy records from CVS.  Dkt. No.

16   69-2 at 35.  Because this case was already delayed due to the stay and in light of plaintiff's status

17   as an incarcerated litigant acting pro se, the Medical Defendants and County Defendants will be

18   ordered to provide plaintiff with his pharmacy records and medical records from 2022 and 2023,

19   that were obtained during plaintiff's detention.

20        Now that plaintiff is a state prisoner, he may review all non-confidential materials in his

21   medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15

22   California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§

23   13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these

24   files or for copies of materials in them must be made directly to prison officials.  Plaintiff shall

25   request his medical files from prison staff pursuant to *Olson*, to obtain any of the relevant medical

26   information that he seeks.

27

28

**CONCLUSION**

1.      The stay is lifted and this case is reopened.

2.      Within twenty-eight days the parties may refile their summary judgment motions or file new motions.  Also within twenty-eight days, the County Defendants shall file a response to the amended motion to compel (Dkt. No. 83).  All other aspects of the order of service (Dkt. No. 14) remain in effect.

3.       Within twenty-one days the Medical Defendants and County Defendants shall provide plaintiff with his CVS pharmacy records from 2022 and 2023 and his medical records from this time period from Eastmont Wellness Center that were obtained by defendants during plaintiff's detention.

4.      Plaintiff shall request his medical files from prison staff pursuant to *Olson*, to obtain any of the relevant medical information that he seeks.

5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 18, 2025

_____
JAMES DONATO
United States District Judge

3